## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **VY BUI TRAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No. CIV-23-53-G** |
| | ) |
| **372ND CRIMINAL DISTRICT COURT,** | ) |
| | ) |
| **Defendant.** | ) |

## <u>ORDER</u>

On January 17, 2023, Plaintiff Vy Bui Tran, appearing pro se, filed this civil action against Defendant 372nd Criminal District Court. *See* Compl. (Doc. No. 1). Defendant has now filed a Motion to Dismiss (Doc. No. 8). Plaintiff has responded (Doc. No. 9), Defendant has replied (Doc. No. 12), and the matter is now at issue.

Defendant seeks dismissal on multiple grounds, including the Court's lack of subject-matter jurisdiction. *See* Def.'s Mot. at 8; Fed. R. Civ. P. 12(b)(1). When, as here, a motion to dismiss makes "[a] facial attack on the complaint's allegations regarding subject matter jurisdiction," the Court must "accept the allegations as true." *Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009). But while courts construe pro se litigants' pleadings liberally, pro se parties must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

"Federal courts have limited subject matter jurisdiction, and a basis of federal jurisdiction must be affirmatively pleaded." *Gilmore-Bey ex rel. L'Evation Birthing*

*Circles Ministries v. Coleman*, No. CIV-23-1152-D, 2023 WL 8850761, at *1 (W.D. Okla. Dec. 21, 2023); *see also* Fed. R. Civ. P. 8(a)(1).  As the party asserting federal jurisdiction, Plaintiff bears "the burden of alleging the facts essential to show jurisdiction."  *U.S. ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002) (internal quotation marks omitted).

Plaintiff's Complaint cites "UCC 3-603," "UCC 3-311," and "UCC 3-601" as the basis for this Court's federal-question jurisdiction under 28 U.S.C. § 1331.  Compl. at 3. As argued by Defendant, this reference does not support the existence of subject-matter jurisdiction over Plaintiff's action: "the Uniform Commercial Code is not a federal statute." *Zella v. Harris Cnty. Appraisal Dist.*, No. 14-3385, 2014 WL 12600058, at *2 (S.D. Tex. Dec. 29, 2014).  Nor does Plaintiff's pleading—which reflects that she is a Texas resident suing a Texas entity—or her Response evince any other basis for this Court to exercise federal subject-matter jurisdiction over Plaintiff's claims.

## CONCLUSION

Plaintiff's Complaint (Doc. No. 1) is therefore DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  A separate judgment shall be entered.

IT IS SO ORDERED this 12th day of January, 2024.

CHARLES B. GOODWIN
United States District Judge